UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AUDRI FORD-VICTORY,<br><br>Defendant | Criminal No.<br><br>Violation:<br><br>Count One: Wire Fraud Conspiracy<br>(18 U.S.C. § 1349)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461) |

INFORMATION

At all times relevant to this Information:

General Allegations

1. Defendant AUDRI FORD-VICTORY ("FORD") resided in Springfield, Massachusetts.

2. Omar Thompson ("Thompson"), a coconspirator not charged as a defendant in this Information, resided in Paterson, New Jersey.

3. Individual 1, Thompson's father-in-law, resided outside of Massachusetts.

4. Individual 2, Thompson's brother-in-law, resided outside of Massachusetts.

5. The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") created a new temporary federal unemployment insurance program called Pandemic Unemployment Assistance ("PUA").

6. The Massachusetts Department of Unemployment Assistance ("MA DUA") administered and managed the PUA program in Massachusetts.

7. Eligible Massachusetts residents could apply for PUA benefits from MA DUA through an online portal by providing personally identifiable information ("PII"), including their

first and last name, Social Security number ("SSN"), date of birth, residential and mailing addresses, and bank account information.

8. Claimants had to certify that they were working in Massachusetts, and not working in another state besides Massachusetts, when they were impacted by COVID-19.

9. Claimants also had to certify that the information in the Massachusetts PUA application was accurate, and that the claimant was submitting the claim on behalf of himself or herself and not on behalf of another person.

10. The PUA claims submitted to MA DUA were processed on a server in Colorado.

11. The PUA claims information was also transmitted to DUA headquarters, located in Boston, Massachusetts, for purposes of review by MA DUA employees, maintenance, and to facilitate correspondence with claimants.

### Overview of the Conspiracy and the Scheme to Defraud

12. From in or about April 2020 to in or about June 2020, FORD, Thompson, and others known and unknown to the U.S. Attorney engaged in a scheme and artifice to defraud and to obtain money and property from MA DUA by means of false and fraudulent pretenses, representations, and promises, by submitting PUA claims to MA DUA on behalf of others, and by submitting PUA claims for individuals not entitled to receive PUA benefits from MA DUA.

### Object and Purpose of the Conspiracy and the Scheme to Defraud

13. The object of the conspiracy and scheme to defraud was to profit by submitting PUA claims to MA DUA on behalf of others. The principal purpose of the conspiracy and scheme to defraud was to make money.

Manner and Means of the Conspiracy and the Scheme to Defraud

14. Among the manner and means by which FORD, Thompson, and others known and unknown to the U.S. Attorney carried out the conspiracy and the scheme to defraud were the following:

a. FORD developed expertise regarding the methods for submitting PUA claims to MA DUA.

b. FORD received the names and PII of individuals, including individuals living and/or working outside of Massachusetts, and submitted PUA claims to MA DUA on their behalf.

c. Thompson received the names and PII of individuals, including individuals living and/or working outside of Massachusetts, who wanted to obtain PUA benefits from MA DUA.

d. In some instances, Thompson provided FORD the names and other personal information of individuals and FORD would submit the PUA claims to MA DUA on their behalf. In other instances, Thompson submitted the PUA claims to MA DUA.

e. FORD submitted approximately seventy-eight PUA claims on behalf of others that resulted in the disbursement of approximately $1,107,537 in PUA funds from MA DUA.

f. Approximately twenty-five of the PUA claims that FORD submitted, which resulted in the disbursement of approximately $215,246 in PUA funds from MA DUA, were submitted on behalf of individuals who had both an out-of-state driver's license and out-of-state mailing address, and who otherwise did not appear to reside in Massachusetts.

  g. Once the individuals on whose behalf FORD or Thompson filed a PUA claim received payments from MA DUA, those individuals made one or more kickback payments to FORD or Thompson.

<u>Acts in Furtherance of the Conspiracy and Scheme to Defraud</u>

  15. From in or about April 2020 to in or about June 2020, FORD, Thompson, and others known and unknown to the U.S. Attorney committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

  a. In or about April 2020, FORD offered to submit a PUA claim in Thompson's name to MA DUA in exchange for a fee.

  b. On or about April 29, 2020, Thompson sent FORD an email with the subject line "Unemployment" that contained Thompson's PII.

  c. On or about May 12, 2020, FORD submitted a PUA claim in Thompson's name to MA DUA from FORD's home and using FORD's IP address.

  d. On or about May 19, 2020, at approximately 6:32 p.m., Thompson sent FORD an email with the subject line, "More family", which listed the names and PII of Individual 1 and Individual 2.

  e. On or about May 19, 2020, at approximately 7:06 p.m., FORD submitted a PUA claim in the name and PII of Individual 1 from FORD's home and using FORD's IP address.

  f. On or about May 19, 2020, at approximately 7:57 p.m., FORD submitted a PUA claim in the name and PII of Individual 2 from FORD's home and using FORD's IP address.

        g.        Between on or about May 15, 2020 and on or about May 20, 2020, Thompson made electronic transfers totaling $1,400 to FORD via Cash App.

<u>COUNT ONE</u>
Wire Fraud Conspiracy
(18 U.S.C. § 1349)

The United States Attorney alleges:

16. The U.S. Attorney re-alleges and incorporates by reference paragraphs 1 to 15(g) of this Information.

17. From in or about April 2020 to in or about June 2020, in the District of Massachusetts and elsewhere, the defendant,

AUDRI FORD-VICTORY,

conspired with Omar Thompson and others known and unknown to the U.S. Attorney to commit wire fraud, that is, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, did transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures and sounds, for the purpose of executing the scheme to defraud, to wit, online PUA applications in others' names to MA DUA without lawful authority, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATION
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

18. Upon conviction of the offense in violation of Title 18, United States Code, Section 1349, set forth in Count One, the defendant,

### AUDRI FORD-VICTORY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following asset:

   a. a forfeiture money judgment, in an amount to be determined at sentencing.

19. If any of the property described in Paragraph 18, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 18 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

                           NATHANIEL R. MENDELL
                           ACTING UNITED STATES ATTORNEY

By:  *Christopher J Markham*
      CHRISTOPHER J. MARKHAM
      ASSISTANT UNITED STATES ATTORNEY
      DISTRICT OF MASSACHUSETTS

DATE:  December 2, 2021